UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANTONIO GONZALES | § | |
| | § | |
| | § | |
| vs | § | CIVIL ACTION NO. M-04-409 |
| | § | |
| RIO GRANDE PLUMBING SUPPLY, | § | |
| INC., REX WIDLE, TRACEY WIDLE, | § | |
| JESUS TREJO | § | |
| | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**I.  Background**

Plaintiff Antonio Gonzales ("Plaintiff") files suit for injuries sustained while on the job. Plaintiff sues his employer, Rio Grande Plumbing Supply, Inc. ("Defendant Rio Grande Plumbing Supply"); its general mananger, Jesus Trejo ("Defendant Trejo"), and its owners, Rex and Tracey Widle ("Defendant Widles").  (Doc. 2 at 11).  Accordingly to Plaintiff, on or about October 24, 2002, Jesus Trejo and Rex Widle approached Plaintiff and instructed him to accompany them to Rex Widle's ranch in Encino, Texas to cut down some tree branches which were overhanging a structure on the property.  *Id.* at 12.  Plaintiff complied with their request. In the process of removing a cherry picker machine from the mud, Plaintiff suffered injuries to his hand and thumb.  *Id.*  Plaintiff was eventually driven to a hospital in McAllen, Texas where emergency surgery was performed on his hand and thumb.  *Id.*

On October 22nd, 2004 Plaintiff filed suit in the 275th Judicial District, Hidalgo County, Texas.  On October 29, 2004 Defendants filed a notice of removal claiming ERISA preemption. (Doc. 2).  Plaintiff thereafter attempted to remand on December 23, 2004.  (Doc. 7).  However, the Court struck Plaintiff's remand motion for failing to comply with certain requirements of

Local Rule 7.  (Doc. 8).  On April 6, 2005 Plaintiff re-filed his motion to remand.  (Doc. 12). That motion is now ripe for the Court's consideration.  (Doc. 12).  Defendants objects to Plaintiff's latest motion to remand.  (Doc. 17).  Defendants argue that this Court has federal question jurisdiction (28 U.S.C. §1331) as some if not all of Plaintiff's claims fall under or are preempted by ERISA.  (Doc. 17).

## II.  Analysis

### A.  Preliminary Remand Considerations

A motion to remand a case on the basis of any defect in removal procedure must be made within 30 days after the filing of a notice of removal under section 1446(a) . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  *See* 28 U.S.C. § 1447(c).  Defendants request that the Court strike and deny Plaintiff's latest motion to remand (Doc. 12) for its "untimely filing three months after the 30-day deadline." (Doc. 17 at 1). The Court, however, is not inclined to grant Defendants such relief.  Plaintiff's latest motion moves to remand (Doc. 12) for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c) clearly allows a Plaintiff to challenge subject matter jurisdiction well beyond thirty days after a filing of a notice of removal.  *See e.g. Carroll v. Gold Medal, Inc.* , 869 F. Supp. 745  (E.D. Mo. 1994)(Personal injury action was remanded to state court for lack of diversity jurisdiction, even though motion was made five months after faulty removal, since diversity jurisdiction in removal cases goes to subject-matter jurisdiction and was not mere procedural irregularity capable of being waived by tardiness.).  Finding that the language of 28 U.S.C. § 1447 does not bar Plaintiff's latest motion to remand, the Court will now address the merits of such motion and, necessarily, the relevant interplay between ERISA and the Texas Workers' Compensation Act ("TWCA").

### B.  Texas Workers' Compensation Act

In Texas, the TWCA governs the distribution of benefits to workers who are injured on the

job.  *Hernandez v. Jobe Concrete Prods., Inc.*  , 282 F.3d 360, 362 (5ᵗʰ Cir. 2002); *see generally* Tex.Lab.Code Ann. § 406.001, *et seq.* (Vernon 2004).  The TWCA provides the exclusive remedy for work-related injuries compensable under the Act.  Tex. Lab. Code Ann. § 406.034 (Vernon 2004); *Hook v. Morrison Milling Co.*  , 38 F.3d 776, 778 (5ᵗʰ Cir. 1994).  However, the statute also gives employers the option not to carry insurance under the TWCA.  Tex. Lab. Code Ann. § 406.002 (Vernon 2004); *Hernandez*, 282 F.3d at 362.  These employers are referred to as non-subscribers.  *Hernandez*, 282 F.3d at 362.  Employees of non-subscribers retain the right to sue their employers in state court, and the employers are deprived of certain traditional common law defenses.  Tex. Lab. Code Ann. § 406.033 (Vernon 2004); *Hernandez*, 282 F.3d at 362.  In the present case, Defendant Rio Grande Plumbing Supply  is a non-subscriber.  Plaintiff therefore retains the right to sue Defendant Rio Grande Plumbing Supply, a non-subscriber under the TWCA, in state court for work-related injuries.

## C.  ERISA

### (i.)  ERISA Generally

ERISA is a comprehensive federal statute designed to promote the interests of employees and their beneficiaries in employee benefit plains.  *See Ingersoll-Rand Co. v. MCClendon*  , 498 U.S. 133, 137, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990)(citation omitted).  ERISA details a comprehensive system by which state law claims for interference with employee benefits can be preempted by the statute.  *Id.*  The preemption clause in ERISA specifies, in pertinent part, that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a); *Vega v. Nat'l. Life Ins. Servs.*  , *Inc.*, 188 F.3d 287, 291 (5ᵗʰ Cir. 1999).  Courts have interpreted ERISA's preemption clause broadly, observing that its deliberatively expansive language was designed "to establish pension plan regulation as exclusively a federal concern."  *Id*.  ERISA's preemption is not limitless however.  *See Shaw v. Delta Air Lines*  , 463 U.S. 85, 100 n. 21, 77 L. Ed. 2d 490, 103 S. Ct. 2890 (1983)(That some state actions may affect employee benefit plans is too tenuous, remote or peripheral a manner to warranty a finding that

the law "relates to" the health plan.)

The Fifth Circuit has adopted a two-part test in determining whether ERISA preemption applies.  Under the test, a state law is preempted by ERISA only if (1) the claim addresses areas of exclusive federal concern, such as the rights to receive benefits under the terms of an ERISA plan, and (ii) the claim directly affects the relationship among the traditional ERISA entities, such as plan administrator/fiduciaries and plan participants /beneficiaries.  *Hook v. Morrison Milling Co.* , 38 F.3d 776, 781 (5th Cir. 1994).  The Court will assume for the sake of argument, that Defendant's "plan" qualifies as an ERISA plan- that point does not appear to be disputed; the real point of contention between the parties is whether Plaintiff's claims "relate to" the health plan.

Defendant Rio Grande Plumbing Supply argues that Plaintiff's claims invoke ERISA preemption in at least two ways: (1) by complaining that Defendants refused to pay medical expenses that are exclusively government by an ERISA-based Occupational Injury and Benefit Plan; and (2) by complaining of Plaintiff's inability to work, apparently due to the denial of additional health treatments that would have been paid by the ERISA-based Occupational Injury Benefit Plan, forcing Plaintiff to forego surgery and therapy.  (Doc. 17 at ¶ 3.03).  In contrast, Plaintiff Gonzales argues that his claims do not "relate to" the Plan, but rather are claims for common law negligence.  As such, they should not be preempted by ERISA.

*(ii). The Hook Decision*

In *Hook* , The Fifth Circuit upheld a district court's decision to grant plaintiff's motion to remand to state court, reasoning that plaintiff's cause of action stemmed from the defendant's failure to maintain a safe workplace and not from a dispute over the administration of the defendant's plan or the disbursement of benefits from the plan.  *Hook v. Morrison Milling Co.,* 38 F.3d 776, 781-82 (5th Cir. 1994).  The court reasoned that plaintiff's claims affected only the parties' employer/employee relationship; the defendant in the case, MMC had an independent duty to maintain a safe workplace.  While the defendant had a parallel duty with regard to the

4 / 6

administration of its ERISA plan, that duty was unaffected by plaintiff's common law negligence suit against MMC." *Id.* at 782.

    This Court sees no reason why the *Hook* decision should be not controlling in this present case.  Like *Hook*, the Plaintiff, an employee of Rio Grande Plumbing Supply was injured while on the job in the performance of his employee duties.  Regardless of whether Plaintiff is entitled to compensation under the Plan, the Fifth Circuit's decision in *Hook* directs this Court to hold that Plaintiff Gonzales, a Rio Grande Plumbing Supply employee, has an independent cause of action for common law negligence against his employer, a non-subscriber, that is not preempted by ERISA.  The holding in *Hook* upon which this Court relies has been consistently recognized and followed within the Fifth Circuit.  *See*, *e.g.*, *Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 515-16 (5th Cir. 2002); *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996); *Baker v. O'Reilly Auto., Inc.*, 2001 WL 123671 at *5 (N.D. Tex. 2001); *McMullen v. Pilgrim's Pride Corp.*, 120 F.Supp.2d 614, 615 (E.D. Tex. 2000); *Bd. of Trustees of Total Cmty. Action, Inc.*, 112 F.Supp.2d 602, 606 (E.D. La. 2000); *Washington v. Occidental Chem. Corp.*, 24 F.Supp.2d 713, 731 (S.D. Tex. 1998); *Woods v. Golden Triangle Convalescent Ctr.*, 22 F.Supp.2d 570, 572-73 (E.D. Tex. 1998).  As Plaintiff claims of negligence are limited to the on the job accident [that is Plaintiff does not alleges claims independent of the accident-e.g. breach of contract under the Plan] the Court is without subject matter jurisdiction as to all of Plaintiff's claims as presently alleged.  The Court therefore is of the opinion that Plaintiff's motion to remand (Doc. 12) should be **GRANTED**.  Given the complexity of this issue and the changing law on ERISA Preemption [*See e.g. Aetna Health Inc. v. Davila*, 542 U.S. 200, 159 L. Ed. 2d 312, 124 S. Ct. 2488 (2004)], the Court finds that Defendants had "objectively reasonable grounds to believe was removal was legally proper." *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-mart Stores*, Inc., 199 F.3d 290, 292 (5th Cir. 2000)(the Court is to consider the objective validity of the removing party's efforts, at the time that party attempted to remove the case.)  The Court therefore orders each party to bears its own costs (costs and attorney's fees) for this motion.

### III.  Conclusion

This Court holds that the underlying conduct complained about in this case [various theories of negligence] can be divorced from its connection to any employee benefit plan.  *See Hook* , 38 F.3d at 783, quoting, *Christopher v. Mobil Oil Corporation*  , 950 F.2d 1209, 1220 (5th Cir. 1992); *see also Rokohl v. Texaco, Inc.*  , 77 F.3d at 129(The ultimate question is whether, if claims were stripped of their link to the plan, would they cease to exist.).  As a result, the Court finds that as a matter of law, Plaintiff's claims do not "relate to" the health care plan- a threshold requirement  necessary in order to invoke ERISA preemption.   Accordingly, the Court finds that it is without subject matter jurisdiction to hear this present case.  The Court therefore **ORDERS** that this case be **REMANDED** back to the 275th Judicial District, Hidalgo County, Texas from whence it came.  Each party is responsible for their respective costs and attorney's fees associated with this motion.

SO ORDERED this 11th day of July, 2005, at McAllen, Texas.

Randy Crane
United States District Judge